BEHRING INTERNATIONAL, INC., Petitioner,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent.

No. 81–1937.

United States Court of Appeals, Third Circuit.

Aug. 17, 1983.

Robert W. Delventhal, Crummy, Del Deo, Dolan & Purcell, Newark, N.J., for petitioner.

Elliott Moore, Deputy Associate Gen. Counsel, N.L.R.B., Washington, D.C., for respondent.

Before GIBBONS, WEIS and GARTH, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

On April 7, 1982, we filed an opinion and order directing that this case be remanded for further proceedings because the Board had misallocated the burden of proof. *Behring International Inc. v. N.L.R.B.,* 675 F.2d 83 (3d Cir.1982). The Supreme Court granted certiorari on that issue, vacated our judgment, and remanded to this court for further consideration in light of *N.L.R.B. v. Transportation Management Corp.,* 462 U.S. ———, 103 S.Ct. 2469, 76 L.Ed.2d 667 (U.S. 1983). *N.L.R.B. v. Behring International, Inc.,* ——— U.S. ———, 103 S.Ct. 3104, 77 L.Ed.2d 1359 (1983).

In *Transportation Management,* the Court held that, in a dual-motive discharge case, the Board could place the burden of proof on the employer after the General Counsel establishes a *prima facie* case. We had held that statutory constraints require the burden of persuasion to remain with the General Counsel.

In the case at hand, the Board found that the economic defense proffered by the employer failed to rebut the *prima facie* case presented by the General Counsel. After reviewing this finding in light of the burden of proof placed on the employer by *Transportation Management,* we conclude that the decision of the Board will be sustained and its order enforced.

As we observed in our earlier opinion, the decision as to which party bears the ultimate burden can be determinative in a case as close as this one. The General Counsel did not present a strong case, but we cannot say it did not establish a *prima facie* one. Similarly, although we might have resolved the issue differently had we heard it in the first instance, our limited scope of review requires us to accept the Board's conclusion that the employer did not meet the burden assigned to it.

We previously rejected the employer's other two challenges to the Board's decision. 675 F.2d at 85–86. Accordingly, the employer's petition for review will be denied and the Board's order will be enforced.